**David B. LAPIER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–1070.**

United States Court of Veterans Appeals.

June 11, 1993.

David B. Lapier, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Adrienne Koerber, Washington, DC, were on the brief, for appellee.

Before MANKIN, HOLDAWAY and IVERS,* Associate Judges.

MANKIN, Associate Judge:

David B. Lapier appeals the June 14, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to an effective date earlier than September 27, 1984, for service-connected schizophrenia, evaluated as 100% disabling. The veteran filed an informal brief. The Secretary of Veterans Affairs (Secretary) filed a motion for remand, which the veteran opposes. On April 16, 1992, the Court issued an order holding this motion in abeyance. Subsequently, the Secretary filed a brief, and Mr. Lapier submitted a reply brief. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

## I. Background

Mr. Lapier served in the United States Air Force from November 1976 to May 1979. In March 1979 the veteran was hospitalized with a diagnosis of acute schizophrenic episode, severe, improved. On February 5, 1980, the Veterans Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) granted a 50% rating for schizophrenia, effective from May 9, 1979. Thereafter, the veteran was hospitalized three times for his disorder at the Psychiatric Service of the VA Medical Center (MC) at Albany, New York. He was admitted from September 9, 1980, to September 25, 1980; from August 10, 1981, to August 24, 1981; and from January 30, 1982, to February 2, 1982. In June 1982 a VAMC psychiatrist found the veteran's socio-economic impairment to be severe. On May 21, 1984, the BVA found only considerable social and industrial impairment and denied an increased rating for schizophrenia.

In September 1984 Mr. Lapier requested an increased rating for schizophrenia. The veteran submitted evidence regarding his competency. Dr. Hinsman, a private psychiatrist, found Mr. Lapier's competency to be questionable. Another private psychiatrist, Dr. Andrus, found the veteran incompetent. The VARO proposed to declare the veteran incompetent. Mr. Lapier's wife, Claire, was appointed as her husband's fiduciary, allegedly with the veteran's knowl-

edge and consent. On June 14, 1985, the RO found the veteran incompetent and granted a 100% rating for schizophrenia, effective from September 27, 1984, the date of veteran's request for an increased rating. Mr. Lapier filed a Notice of Disagreement (NOD) as to the incompetency rating.

The veteran was again hospitalized for his psychiatric condition from November 13, 1985, to December 6, 1985. In May 1986 the RO held a hearing for the purpose of determining the veteran's competency. Mr. Lapier and his wife testified that the veteran was administering the family finances. The veteran submitted a report from an Air Force psychiatrist which stated the veteran was competent and a report from a private psychiatrist which also found competency. On August 15, 1986, the RO declared the veteran to be competent.

In January 1987 the veteran filed an NOD as to the June 14, 1985, RO decision, claiming the effective date of the 100% rating should be May 9, 1979. Mr. Lapier was informed that his NOD was untimely filed. In his Substantive Appeal (VA Form 1-9) the veteran claimed that his incompetency in 1985 and 1986 precluded him from timely filing an NOD to the June 1985 RO decision. The VA stated that the June 1985 decision was final and the fact that he was then incompetent was not new and material evidence. In an RO hearing on June 7, 1988, the veteran's wife testified that she was not informed that she was a fiduciary as to the veteran's VA appeal, but only that she was a fiduciary in regard to his benefit checks. A confirmed rating decision was issued, to which the veteran filed an NOD. On March 1, 1989, the BVA denied an earlier effective date for the veteran's 100% rating. The Board stated that the effective date was the date the claim was received and the veteran's incompetency was not a basis to set aside the rating decision because the veteran's wife had been appointed as a fiduciary.

The veteran requested that his claim be reopened and claimed that the February 1980 RO decision contained clear and unmistakable error (CUE). In support of his claim he submitted several medical records and reports, Social Security Administration (SSA) disability reports, and an award certificate that indicated the SSA found the veteran to be permanently and totally disabled from 1979. The RO issued two confirmed rating decisions.

The BVA, in its June 14, 1990, decision, remanded the issue of whether the February 1980 decision contained CUE, and determined that the only issue on appeal is whether the veteran is entitled to an earlier effective date for a 100% rating for schizophrenia, which the Board denied. *David B. Lapier*, BVA 90–19755, at 2 (June 14, 1990). The Court agrees that the CUE issue is not on appeal because the Board remanded this issue in its decision.

## II. Analysis

### A. Competency

■ In his informal brief, Mr. Lapier contends that he was not able to file a timely appeal to the June 1985 RO decision because he was incompetent at the time. The March 1989 BVA decision adjudicated the issue of the veteran's competency to appeal the 1985 decision; however, the 1990 BVA decision on appeal did not. This Court's jurisdiction is confined to BVA decisions to which a Notice of Appeal (NOA) was filed pursuant to 38 U.S.C.A. § 7266(a) (West 1991). *See* 38 U.S.C.A. § 7252(a). The NOA was filed as to the 1990 BVA decision and thus the 1990 decision is on appeal in this Court, not the 1989 Board decision. Therefore, the Court may not review the incompetency issue adjudicated in the 1989 BVA decision.

### B. Earlier Effective Date

■ The sole issue on appeal is whether the veteran is entitled to an earlier effective date for a 100% rating for schizophrenia. This claim was denied by a prior final BVA decision in March 1989. Although the Secretary is required under 38 U.S.C.A. § 5108 (West 1991) to reopen claims that the BVA has previously and finally denied when "new and material evidence" is presented, in this case such a reopening could not result in an earlier effective date because an award granted on a reopened

claim may not be made effective prior to the date of receipt of the reopened claim. 38 U.S.C.A. § 5110(a) (West 1991); 38 C.F.R. § 3.400(q)(1)(ii) (1992). Mr. Lapier reopened his claim in September 1984, and his 100% rating was granted effective from that time. Consequently, the Secretary's motion for remand for the Board to apply the two-step *Manio* analysis for reopened claims and to provide "reasons or bases" for its findings and conclusions must be denied because a remand on this basis cannot result in an earlier effective date for the veteran's disability. *Id.; see Manio v. Derwinski*, 1 Vet.App. 140 (1991); 38 U.S.C.A. § 7104(d)(1) (West 1991).

### III. Conclusion

Accordingly, the Secretary's motion for remand is DENIED and the BVA decision is AFFIRMED.