# United States Court of Appeals for the Federal Circuit

04-7139

LARRY E. LEONARD,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Gerald M. Alexander.

Appealed from: United States Court of Appeals for Veterans Claims

Former Chief Judge Kenneth B. Kramer

# United States Court of Appeals for the Federal Circuit

04-7139

LARRY E. LEONARD,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs

Respondent-Appellee.

_____

DECIDED:  April 29, 2005
_____

Before LOURIE, CLEVENGER, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

Larry E. Leonard ("Leonard") appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans' Court") affirming the decision of the Board of Veterans Appeals denying his claim for an earlier effective date for his total disability based on individual unemployability ("TDIU") rating.  Leonard v. Principi, 17 Vet. App. 447 (Feb. 20, 2004).  We affirm.

BACKGROUND

Leonard served in the Army from September 1971 to September 1973.  While in service, Leonard was involved in an automobile accident that left him with a concussion, fractures of the left fibula and tibia, and a separated right clavicle.  After finishing his military service, the Department of Veterans Affairs regional office ("RO") assigned

Leonard a 20% rating for his service-connected leg injury, and a 10% rating for his service-connected shoulder injury, effective September 26, 1973.

Over a period of more than twenty-five years, Leonard continually challenged his service-connected disability ratings and the effective dates for those ratings before the RO and the Board of Veterans Appeals.[1] In August 1994, the Board awarded Leonard a TDIU rating with an effective date of September 23, 1985. Relying on a Social Security Administration decision purportedly supporting Leonard's claim of total disability as of January 1975, Leonard filed a motion for reconsideration of the Board's 1994 decision. In the motion for reconsideration, Leonard sought to obtain an earlier effective date of September 26, 1973. The Board denied the motion and Leonard filed an appeal at the Veterans' Court. In June 1997, the Veterans' Court dismissed Leonard's appeal on the grounds of failure to file a timely motion for reconsideration by the Board and failure to file a timely notice of appeal at the Veterans' Court.

In May 2000, the RO, after reviewing a 2000 VA medical record, issued a decision continuing Leonard's TDIU rating. In the same decision, the RO also determined that Leonard was not entitled to an effective date earlier than September 1985 for his TDIU rating. Leonard filed a notice of disagreement and sought to reopen his disability claim to obtain a TDIU rating with an effective date of September 26, 1973.

The Board denied Leonard's request for an earlier effective date because, absent evidence of clear and unmistakable error ("CUE"), the effective date of the claim to reopen could not be earlier than the filing date of the claim. The Board recognized that the effective date already assigned to Leonard, September 1985, was earlier than the

---

[1]     Leonard's proceedings before the RO and the Board are summarized in Leonard, 17 Vet. App. at 448-50.

filing date of his claim to reopen, April 2000. Thus, even if Leonard could have demonstrated that he was completely disabled as of September 1973, the Board could not provide him with an effective date earlier than September 1985. The Veterans' Court, relying on 38 U.S.C. § 5110(a) and 38 C.F.R. §§ 3.400(q)(ii), 3.400(r), and 3.157(b), affirmed the Board's decision, applying the same reasoning.

Leonard timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

We review a statutory interpretation by the Veterans' Court de novo. Andrews v. Principi, 351 F.3d 1134, 1136 (Fed. Cir. 2003). We have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2000). We may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue. Id. § 7292(d)(2); Bustos v. West, 179 F.3d 1378, 1380 (Fed. Cir. 1999).

On appeal, Leonard makes two primary arguments. First, Leonard argues that the Veterans' Court erred by failing to recognize that his request for an earlier effective date was not a claim to reopen contemplated by § 5110(a). According to Leonard, a "claim" is a request for a recognized benefit under 38 U.S.C. part II, e.g., compensation for service-connected disability. Citing D'Amico v. West, 209 F.3d 1322, 1326 (Fed. Cir. 2000), Leonard asserts that the effective date is merely one factor in the calculus for determining compensation. Thus, Leonard reasons, a request for an earlier effective

date is not a "claim" because it is not, in and of itself, a request for a recognized benefit. His point, apparently, is that, not being a "claim," the request for an earlier effective date is not limited by our holding that one needs new and material evidence or CUE in order to reopen a claim, Cook v. Principi, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc), or limited by the fact that he did not timely appeal the Board's August 1994 decision first assigning the September 1985 effective date.

Secondly, Leonard argues that even if his request for an earlier effective date can be considered a "claim" to reopen, the Veterans' Court erred by interpreting § 5110(a) to proscribe the assignment of an effective date earlier than the date that the claim to reopen was filed. According to Leonard, the Veterans' Court's analysis "is flawed because it rests on the inaccurate premise that the assignment of the correct effective date must itself have an effective date." Leonard appears to be asserting that a more reasonable interpretation of § 5110(a) is that "effective date," as used in that statute, only refers to the date that service-connected disability payments commence, and does not necessarily correspond to the date when the veteran actually became disabled. Thus, according to Leonard, although an effective date is initially assigned when the RO awards service-connected disability, the statute does not preclude retroactive compensation if the veteran later establishes that he was disabled at a date earlier than the effective date.

The Secretary counters by arguing that Leonard's request for an earlier effective date is an applicable "claim" under § 5110(a) because it seeks retroactive compensation at the TDIU rate for a period of time preceding his current effective date. The Secretary

04-7139                                    -4-

also notes that the statute required Leonard to file a "specific claim in the form prescribed" by the Secretary to obtain additional compensation. 38 U.S.C. § 5101(a).

The Secretary responds to Leonard's assertion that the Veterans' Court misinterpreted § 5110(a) by citing Sears v. Principi, 349 F.3d 1326 (Fed. Cir. 2003). The Secretary contends that we addressed Leonard's assertion in Sears by affirming the Secretary's interpretation of § 5110(a) in that case, which resulted in the denial of an earlier effective date for service-connected benefits based on the veteran's claim to reopen a previously disallowed claim.

Section 5110(a) provides, in pertinent part, that "the effective date of an award based on . . . a claim reopened after final adjudication . . . shall not be earlier than the date of receipt of application therefor." Thus, this case boils down to the question whether Leonard's request for an earlier effective date is a "claim," as that term is used in the statute. If it is, then the statute makes clear that even if Leonard could have demonstrated total disability on his claim to reopen, he still cannot obtain an effective date earlier than the reopened claim's application date, April 2000. Sears, 349 F.3d at 1332 (holding that on a claim to reopen, the effective date cannot predate the application of the claim). As previously observed by the Board and the Veterans' Court, such a determination would moot Leonard's claim since he already has an effective date earlier than the application date of his claim to reopen.

We agree with the Secretary that Leonard's request for an earlier effective date is a "claim" under § 5110(a). Specifically, Leonard's request for an earlier effective date is a claim for retroactive compensation. Indeed, Leonard is not seeking an earlier effective date merely to correct the administrative record; Leonard is seeking an earlier

04-7139                    -5-

effective date to collect purportedly past-due compensation. Moreover, Leonard's appellate brief concedes that his request for an earlier effective date is a "claim for compensation" and that "compensation is the pertinent benefit in [his] case."

We are not persuaded by Leonard's argument that his request for an earlier effective date is not a "claim" for a new benefit, but, rather, an "adjustment" of a previously conferred benefit. That is a distinction without substance. Even if Leonard's claim were to result in an adjustment of a previously awarded benefit, his request for an earlier effective date, ultimately, is still a claim for compensation. Furthermore, we reject Leonard's reliance on D'Amico; that opinion does not suggest that a veteran could have the agency "adjust" the effective date component of the compensation determination without Leonard being subject to the restriction of § 5110(a).

We also reject Leonard's assertion that he can receive retroactive compensation for his total disability because the term "effective date," as used in § 5110(a), refers only to the date that service-connected disability payments commence, not the date of disability. Leonard again appears to be arguing semantics. Regardless whether "effective date" refers to the date that disability payments are set to commence or the actual date of disability, § 5110(a) makes clear that a veteran cannot receive service-connected disability payments "earlier than the date of receipt of application therefor." Here, the pertinent date is when Leonard filed his current claim to reopen for an earlier effective date. No matter how Leonard tries to define "effective date," the simple fact is that, absent a showing of CUE, he cannot receive disability payments for a time frame earlier than the application date of his claim to reopen, even with new evidence supporting an earlier disability date.

04-7139                                        -6-

To hold otherwise would also vitiate the rule of finality, which we expounded upon in Cook, 318 F.3d at 1337-42. In that opinion, we explained that the "purpose of the rule of finality is to preclude repetitive and belated readjudications of veterans' benefits claims." Id. at 1339. Under the interpretation of "effective date" sought by Leonard, his own counsel concedes that veterans could continually raise new claims for retroactive compensation by providing new evidence supporting an earlier disability date. That is not the correct result, and it is contrary to § 5110(a).

In August 1994, the Board issued a decision assigning Leonard a TDIU rating, effective September 23, 1985. It was then that Leonard could have tried to obtain an earlier effective date by appealing that decision to the Veterans' Court, but Leonard allowed that opportunity to pass. Absent a showing of CUE, Leonard cannot now seek an earlier effective date and have a proverbial "second bite at the apple." Indeed, as the record indicates, Leonard later attempted to reopen his claim for an earlier effective date by alleging CUE. The Board, however, in a March 2000 decision found no CUE in its August 1994 decision that granted an effective date of September 1985, and Leonard did not appeal that decision either. Leonard, 17 Vet. App. at 449.

We have considered Leonard's remaining arguments and find them unconvincing.

## CONCLUSION

The Veterans' Court did not err in denying Leonard's request for an effective date prior to September 23, 1985, for the appellant's TDIU rating. Accordingly, the decision of that court is

## AFFIRMED.