NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY A. BOOTHE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7056

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-0897, Judge John J. Farley, III.

---

Decided: May 11, 2011

---

TERRY A. BOOTHE, of North Tazwell, Virginia, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of counsel on

the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTA A. SHRIBER, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before LOURIE, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Terry A. Boothe appeals the final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") that denied his application (1) to reopen his claim for service-connection for a low back disability and tinnitus, and (2) for an earlier effective date for the award of service-connection for post-traumatic stress disorder ("PTSD"). *See Boothe v. Shinseki*, No. 09-0897, 2010 U.S. App. Vet. Claims LEXIS 2227 (Dec. 1, 2010). We *dismiss* in part and *affirm* in part.

Boothe served in the United States Marine Corps from May 1978 to May 1981. After he left the military, he filed claims seeking service-connected benefits for PTSD, lower back pain, and tinnitus. All of these claims were denied. On March 25, 1996, Boothe filed a successful application to reopen his claim seeking service connection for PTSD. In February 2005, he was awarded PTSD disability benefits, with an assigned disability rating of 70 percent and an effective date of March 25, 1996. Boothe subsequently appealed to the Veterans Court, arguing that he was entitled to an earlier effective date for his PTSD award. After the Veterans Court concluded that Boothe was not entitled to an earlier effective date, he timely appealed to this court.

This court's authority to review a decision of the Veterans Court is limited. We may review such a decision only to the extent that it pertains to the validity of "any

statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292. Absent the presentation of a constitutional issue, we do not otherwise have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.*

On appeal, Boothe argues that the Veterans Court "did not consider all of the evidence" and that he should have been awarded service connection for lower back problems and tinnitus. Whether a particular disability or injury was incurred in service, however, is a factual determination that this court has no jurisdiction to review. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991). We therefore dismiss Boothe's claim seeking disability benefits for lower back problems and tinnitus for lack of jurisdiction.

Boothe also argues that the Veterans Court committed legal error when it denied him an earlier effective date for the award of PTSD disability benefits. With certain limited exceptions not relevant here, a veteran cannot obtain an effective date for an award based on a reopened claim that is earlier than the date the application to reopen the claim was filed. *See* 38 U.S.C. § 5110(a); *Jones v. Shinseki*, 619 F.3d 1368, 1371 (Fed. Cir. 2010). Because Boothe did not file his application to reopen his claim until March 25, 1996, he is not entitled to an effective date that is earlier than that date. *See Leonard v. Nicholson*, 405 F.3d 1333, 1337 (Fed. Cir. 2005). We therefore affirm the Veterans Court's judgment denying Boothe's claim for an earlier effective date for his PTSD award.