﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191114-60123
DATE: June 16, 2020

ORDER

The claim of entitlement to an effective date prior to July 8, 2017 for the award of service connection for a heart ventricle laceration is denied.

FINDING OF FACT

On July 8, 2017, VA received the Veteran’s Intent to File for the claim of entitlement to service connection for a heart condition due to a shrapnel wound to the chest.

CONCLUSION OF LAW

The criteria for the claim of entitlement to an effective date prior to July 8, 2017, for the award of service connection for a heart ventricle laceration have not been met. 38 U.S.C. § 5107, (2012); 38 C.F.R. §§ 3.102, 3.155, 3.400 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had honorable active duty service in the United States Army from September 1968 to March 1972. He received the Purple Heart, among other notable commendations.

This matter comes before the Board of Veterans’ Appeals (Board) from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). This rating decision was issued under the legacy system in May 2018 and the Veteran submitted a timely notice of disagreement (NOD). In June 2019, the agency of original jurisdiction (AOJ) issued a Statement of the Case (SOC). The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a timely VA Form 10182 Decision Review Request: Board Appeal (NOD) in July 2019 (and submitted an amended NOD in November 2019), in which he identified the June 2019 SOC; therefore, the June 2019 SOC is the decision on appeal.

For appeals such as this one, in which the appellant requested Direct Review by the Board without submission of additional evidence and without a Board hearing, the Board’s decision will be based on a review of the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on the issue or issues on appeal. 38 C.F.R. § 20.301. Therefore, the Board may only consider the evidence of record at the time of the June 2019 SOC. Under the AMA, all favorable findings made by the Agency of Original Jurisdiction (AOJ), are binding on the Board. 38 C.F.R. § 3.104(c).

1. The claim of entitlement to an effective date prior to July 8, 2017 for the award of service connection for a heart ventricle laceration.

The Veteran contends that he is entitled to an earlier effective date for the award of service connection for heart ventricle laceration, rated at 60 percent disabling.

When assigning the effective date for an initial award of compensation, the date is based on the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

Where there is a prior final RO or Board denial of the benefit sought, the effective date cannot be earlier than a subsequent claim to reopen. See Leonard v. Principi, 17 Vet. App. 447 (2004); Sears v. Principi, 16 Vet. App. 244, 246-50 (2002), aff’d, 349 F.3d 1326 (Fed. Cir. 2003); Flash v. Brown, 8 Vet. App. 332 (1995). A claimant cannot file a new claim seeking an earlier effective date for an award where the decision that assigned the effective date has already become final. Such would be a “freestanding” effective date claim and these types of claims are not allowed. Rudd v. Nicholson, 20 Vet. App. 296, 299 (2006). The only way to overcome the finality of a decision is to request revision of the decision based on clear and unmistakable error (CUE). Id. 

In this case, prior to the submission of the claim at issue on appeal, VA received the Veteran’s “Intent to File” on July 8, 2017. On January 30, 2018, VA received the Veteran’s VA 21-526EZ claim of entitlement to service connection for a heart condition due to a shrapnel wound to the chest. In March 2018, the Veteran was provided a VA medical examination regarding his heart condition. In May 2018, the RO granted the claim of entitlement to service connection for heart ventricle laceration, effective as of July 8, 2017, at an evaluation of 60 percent.

Having reviewed the evidence of record, the Board concludes that the preponderance of the evidence weighs against the Veteran’s claim of entitlement to an earlier effective date for the current claim on appeal. The evidence of record shows that VA sent the Veteran a notification letter dated July 10, 2017, in which it informed him that VA received his Intent to File on July 8, 2017. The letter further informed the Veteran that VA might be able to compensate him as of that date for any completed claim application received within one year of that date. The Board finds these letters documenting the date of the Intent to File to be credible and probative, and finds no evidence disputing the accuracy of the information contained in those specific communications. The evidence of record does not show that the Veteran responded to this letter disputing the date the letter was mailed by him or received by VA. The record does not show that the Veteran submitted his intent to file the instant claim any earlier.

The Board acknowledges that the Veteran has made a great many additional and thorough arguments related to injuries he incurred on active duty as well as decisions made by VA and the United States Army since the Veteran’s release from service. Many of these arguments are ones that the Board does not have jurisdiction to address. The Board further acknowledges that on March 23, 1972, the Veteran filed a claim of entitlement to service connection for residuals of shrapnel wounds to the heart and chest. The Veteran contends that his Intent to File of the claim now on appeal should be considered as having been filed on March 23, 1972. On this point, the evidence of record shows that the Veteran ultimately received a VA examination for this claim on November 1, 1974. In a February 25, 1975 rating decision and associated code sheet, the Veteran was granted service connection for “scars, residuals, [shrapnel wound], right upper sternum and chest with [retained foreign body],” which the RO rated at 10 percent disabling, effective November 1, 1974. The Veteran did not appeal this rating or this effective date, and the decision became final. As noted above, a claimant cannot file a new claim seeking an earlier effective date for an award where the decision that assigned the effective date has already become final.

On April 11, 2019, the Veteran filed a new VA 21-526 EZ claim of entitlement to an “earlier effective date of 11/01/1974 for [Diagnostic Code] 7006 Heart Ventricle Laceration. On April 30, 2019, the Veteran filed a VA Form 21-0958 Notice of Disagreement with the May 2018 rating decision at issue in this case, appealing the effective date of the award, and seeking a rating of “no less than 60 percent from 11/01/1974.”

The Board further notes that the Veteran, through his representative, asserts that the effective date of his condition should date back to November 1, 1974. See July and November 2019 VA 10182 NOD forms; April 2020 Appellate Brief. The Veteran asserts that he has “stated on numerous occasions that his severe injuries incurred in combat and the shrapnel wound to his heart was more severe than rated in 1972.” He contends that “he did not receive the correct determination when he was in treatment for the shrapnel wounds and that the lasceration [sic] was evident in 1972, but without the technology available today, the exact severity of condition was not assessed. He feels that he should have been medically discharged at 100% upon separation from the Army.” See April 2020 Appellate Brief.

As noted above, the February 1975 rating decision became final, and an earlier effective date would not be possible without a specific contention of clear and unmistakable error (CUE) in the prior rating decision. When CUE is alleged with a rating decision, the CUE motion must be filed with the RO and first adjudicated by the RO. Each new theory of CUE is a separate and distinct matter, and the Board lacks jurisdiction over any theory of CUE in a rating that has not been adjudicated by the RO in the first instance. Andre v. Principi, 301 F.3d 1354, 1361 (Fed. Cir. 2002); Jarell v. Nicholson, 20 Vet. App. 326, 332-33.

The Veteran contends that “the AOJ reviewed the claim from March 23, 1972 and the subsequent rating decision July 20, 1972” and “determined that the evaluation provided in 1972 was not in error.” See April 2020 Appellate Brief, at 2. The Board notes that apart from summarizing the procedural history of the prior final denial, the AOJ did not fully adjudicate any CUE claim in its prior ratings. At most, the AOJ assessed the current rating decision on appeal for clear and unmistakable error as part of its decision review process, but it did not review the February 1975 or prior decisions of the RO for CUE. See June 2019 SOC. Therefore, should the Veteran wish to file a motion seeking revision of any prior final rating decision, including the decision of February 1975, he should file the appropriate form(s) for a CUE motion.

The Board acknowledges the Veteran’s additional contentions that if the Board is unable to grant his earlier effective date claim, he should be provided an “Independent Medical Opinion (IMO) from an expert outside of the VA to resolve the issue at hand.” See April 2020 Appellate Brief, at 2. As noted, the claim on appeal is as to an effective date of the current service connection claim only, and not an evaluation of CUE for an earlier decision. Accordingly, the Board may not remand for an IMO.

In sum, the competent, credible, and probative evidence of record shows that the Veteran submitted his Intent to File his claim for service connection for the instant claim of a heart condition due to a shrapnel wound to the chest, on July 8, 2017. Accordingly, the earliest possible effective date for the award of service connection for the condition on appeal is, as currently assigned, July 8, 2017. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

The benefit of the doubt doctrine is not applicable as the preponderance of the evidence of record is against the Veteran’s claim for an earlier effective date. 38 U.S.C. § 5107. As such, the Veteran’s claim for an earlier effective date is denied.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Hart, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.