Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200130-58825
DATE: July 30, 2021

ORDER

An earlier effective date of February 14, 2019 for the award of service connection for post-traumatic stress disorder (PTSD) is granted.

An initial disability rating of 50 percent, but no higher, for service-connected PTSD is granted.

FINDINGS OF FACT

1. By a decision entered in January 2013, a Department of Veterans Affairs (VA) Regional Office (RO) denied service connection for PTSD; the Veteran was advised of the RO's decision and of his appellate rights.

2. On February 14, 2019, VA received the Veteran's statement of intent to file a claim for compensation. 

3. On February 28, 2019, VA received a Fully Developed Claim on an outdated VA Form 21-526EZ requesting service connection for PTSD.

3. On April 16, 2019, the Veteran was notified that his February 28, 2019 claim was filed on an outdated form; he resubmitted his claim on the proper claim form.

4. The Veteran's service-connected PTSD has been productive of occupational and social impairment with reduced reliability and productivity.

5. The Veteran's service-connected PTSD has not been productive of occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

CONCLUSIONS OF LAW

1. Resolving reasonable in the Veteran's favor, the criteria for the assignment of an effective date of February 14, 2019, but no earlier, for the award of service connection of PTSD have been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.151, 3.400.

2. Resolving reasonable in the Veteran's favor, the criteria for an award of an initial disability rating of 50 percent, but no higher, for service-connected PTSD have been met. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the U.S. Navy from June 1974 to June 1978 and from January 1983 to January 1999.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a January 2020 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran timely appealed to the Board, requesting direct review of the evidence considered by the agency of original jurisdiction (AOJ) pursuant to the Appeals Modernization Act (AMA). See January 2020 VA Form 10182; 38 C.F.R. §§ 20.201, 20.202(b)(1).

1. An earlier effective date of February 28, 2019 for the award of service connection for PTSD is granted. 

Generally, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

The effective date upon receipt of new and material evidence after a final disallowance will be the date of receipt of the new claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(q)(2). When there is a prior final decision in the claims file and a later reopened claim results in a grant of the benefit, the general rule for effective dates for reopened claims applies. In such cases the effective date cannot be earlier than the subsequent claim to reopen. 38 C.F.R. §§ 3.400(q)(2), 3.400(r); Leonard v. Principi, 17 Vet. App. 447, 452 (2004); Sears v. Principi, 16 Vet. App. 244, 246-50 (2002), aff'd,349 F.3d 1326 (Fed. Cir. 2003). 

Under regulations applicable prior to March 24, 2015, any communication or action indicating an intent to apply for one or more benefits under the laws administered by VA from a claimant may be considered an informal claim. An informal claim must identify the benefit sought. 38 C.F.R. § 3.155(a) (2014).

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA's adjudication regulations be filed on standard forms prescribed by the Secretary. See 79 Fed. Reg. 57,660 (Sept. 25, 2014). Under current regulation, the term "claim" means a written communication requesting a determination of entitlement or evidencing a belief in entitlement, to a specific benefit under the laws administered by VA submitted on an application form prescribed by the Secretary. 38 C.F.R. § 3.1(p).

The record reflects that a January 2020 rating decision granted service connection for this claim and assigned an effective date of June 20, 2019. The Veteran contends an earlier effective date is warranted.

A January 2013 rating decision denied service connection for PTSD. A letter dated that same month notified the Veteran of this decision and how to appeal. VA received no appeal within a year, and no new evidence; as such, this decision became final. 38 U.S.C. § 7105(b), (c); 38 C.F.R. §§ 3.160(d), 20.201, 20.302, 20.1103.

On February 14, 2019, VA received the Veteran's statement of intent to file a claim for compensation. The Veteran then submitted a VA Form 21-526EZ, Fully Developed Claim, on February 28, 2019, which was acknowledged by VA on April 11, 2019. On April 16, 2019, VA advised the Veteran that the February 2019 claim form was outdated and requested that the Veteran submit his claim on the current version of the form. On June 20, 2019, the Veteran resubmitted his claim on the proper form.

Based on the foregoing, and after resolving reasonable doubt in the Veteran's favor, the Board finds that an effective date of February 14, 2019 is warranted for the award of service connection for PTSD. Here, the evidence shows that VA received the Veteran's statement of intent to file a claim for compensation on February 14, 2019. Moreover, the AOJ did not advise the Veteran or his POA of the outdated claim form until April 16, 2019. Moreover, after being notified of the outdated form, the Veteran submitted the proper version of the form on June 20, 2019, within one year of the date of the original claim. 

In this case, the Board finds that this case is analogous to one where the Veteran has filed an incomplete form. 38 C.F.R. § 3.155(c) (upon receipt of an incomplete application form the claimant will be notified and if a complete claim is submitted within 1 year of the incomplete form VA will consider it filed as of the date of the incomplete form). The Veteran has pursued his claim since February 14, 2019 (date of receipt of intent to file a claim). Accordingly, the Board finds that the evidence supports a finding that the date of claim is February 14, 2019.

As noted above, the effective date is the date of receipt of the claim or the date entitlement arose, whichever is later. However, when applying the general rule, the assignment of an effective date based on date entitlement arose being later than the date of receipt of the claim is only appropriate when the evidence clearly establishes that the entitling criteria were not met as of the date of receipt of the claim. Therefore, reasonable doubt is resolved in favor of the Veteran, the Board finds the effective date is the date of claim (February 14, 2019). 

The Board finds that an effective date prior to February 14, 2019 for the award of service connection for PTSD is not warranted. Here, the effective date of the award of compensation based on a reopened claim after final disallowance is by law the date of receipt of the claim. 38 U.S.C. § 5110 (a); 38 C.F.R. §§ 3.400, 3.400(q)(2). The Veteran has not identified nor has the Board's review of the record disclosed a formal or informal claim for benefits, prior to February 14, 2019, and after the RO's January 2013 final rating decision. See 38 C.F.R. §§ 3.1(p), 3.155(a); see also Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009); MacPhee v. Nicholson, 459F.3d 1323, 1326-27 (Fed. Cir. 2006) (holding that the plain language of the regulations requires a claimant to have intent to file a claim for VA benefits).

Based on the foregoing, an earlier effective date of February 14, 2019 for the award of service connection for PTSD is granted. An effective date prior to February 14, 2019 is not warranted.

2. Ann initial disability rating of 50 percent for service-connected PTSD is granted.

The Veteran seeks a disability rating in excess of 30 percent for service-connected PTSD. 

Disability evaluations are determined by the application of a schedule of ratings, which is in turn based on the average impairment of earning capacity caused by a given disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the evaluations to be assigned to the various disabilities.

If there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. If different disability ratings are warranted for different periods of time over the life of a claim, "staged" ratings may be assigned. Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App. 119, 125-26 (1999).

The Veteran's PTSD, like all psychiatric disorders, is rated under the General Rating Formula for mental disorders. Under the General Rating Formula, a 30 percent rating is assigned for occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events). See 38 C.F.R. § 4.130, DC 9411.

A rating of 50 percent is warranted for a mental disorder that results in occupational and social impairment with reduced reliability and productivity due to such symptoms as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships.

A rating of 70 percent is warranted for a mental disorder that results in occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and inability to establish and maintain effective relationships.

A 100 percent rating is assigned when the condition results in total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.

The list of symptoms under the rating criteria are meant to be examples of symptoms that would warrant the rating, but are not meant to be exhaustive, and the Board need not find all or even some of the symptoms to award a specific rating. Mauerhan v. Principi, 16 Vet. App. 436, 442-43 (2002). If the evidence shows that the Veteran suffers symptoms or effects that cause occupational or social impairment equivalent to what would be caused by the symptoms listed in the criteria for a particular rating, the appropriate equivalent rating will be assigned. Id. at 443. Furthermore, the rating code requires not only the presence of certain symptoms but also that those symptoms have caused occupational and social impairment at a level consistent with the assigned rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 116-17 (Fed. Cir. 2013).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit-of-the doubt in resolving each such issue shall be given to the veteran. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

For the reasons set forth below, the Board finds that the evidence is at least in relative equipoise as to whether the Veteran's PTSD warrants a 50 percent rating for the entire rating period on appeal.

The Veteran has medical records show treatment for a psychiatric disability. These treatment records contain periodic psychiatric notes that document his psychiatric symptoms. In particular, these records show that he consistently experienced symptoms of depression, nightmares, anxiety/panic attacks, alcohol use, occasional avoidance, hypervigilance, irritability, guilt, chronic panic attacks, ongoing concern for future attacks and changes in behavior related to attacks. In addition, he has consistently denied suicidal or homicidal ideation, paranoid ideation, or thought disorders. The Veteran is currently prescribed Lorazepam, Zolpidem, Sertraline, Hydroxyzine, and Prazosin for symptoms of anxiety, depression, and insomnia.

The Veteran has also been consistently described as being alert and well-oriented; as appearing neat and appropriate with normal speech; and as having a bright affect, an appropriate and cooperative behavior, and a calm but depressed mood. He has not been shown to be disheveled or to have poor hygiene, and his behavior has not been shown to be agitated with abnormal movements, uncooperative, manipulative, apathetic, angry, or impulsive. His speech does not present as slowed, slurred, pressured, or muted. He has consistently mentioned having a supportive friend group.

At a July 2019 VA psychiatric examination, the examiner opined that the Veteran experiences mental condition has been formally diagnosed, but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication. The Veteran denied any significant impairments in occupational or social areas of functioning. He explained that he kept himself busy with hobbies and that he worked hard to continue his interpersonal relationships. Symptoms of disturbing memories, nightmares, flashbacks, physiological/psychological reactivity, unsuccessful efforts to avoid thoughts and events related to trauma, feeling of anger and guilt, and insomnia were noted on examination. The examiner noted that the Veteran's PTSD was productive of depressed mood, anxiety, panic attacks that occurred weekly or less often, chronic sleep impairment, and disturbances to motivation and mood. 

After considering the evidence of record under the guiding principles and regulations set forth above, the Board finds that the evidence is at least in equipoise as to whether the Veteran's PTSD meets the criteria for a higher 50 percent rating. In this regard, the evidence has shown that the Veteran's PTSD has been productive of disturbances to motivation and mood and difficulty in establishing and maintaining effective work and social relationships. 

The Board acknowledges the July 2019 VA examiner's determination that the Veteran's symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication. Significantly, however, the Board finds that the Veteran's collective psychiatric symptoms are of the frequency, severity, and duration to cause occupational and social impairment that more nearly approximates the higher rating of 50 percent for his service-connected PTSD. Mauerhan, 16 Vet. App at 442-43; Vazquez-Claudio, 713 F.3d at 116-17. Of particular importance to the Board in reaching this decision are the findings of the Veteran's avoidance of public locations, nightmares, flashbacks, disturbances of motivation and mood. Additionally, while the VA examiner opined that the Veteran's symptoms were not severe enough to warrant medication, the examiner did not address that the Veteran is currently prescribed Lorazepam, Zolpidem, Sertraline, Hydroxyzine, and Prazosin for symptoms of anxiety, depression, and insomnia attributable to his PTSD.

Based on the foregoing, and after resolving reasonable doubt in the Veteran's favor, the Board finds that the Veteran's PTSD has been productive of occupational and social impairment with reduced reliability and productivity, so warrants a 50 percent rating for the entire rating period on appeal. 

The Board finds that a higher rating than 50 percent for PTSD is warranted as the evidence does not demonstrate that the Veteran's PTSD has been productive of occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. In this regard, medical examiners have not noted deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. Moreover, the evidence demonstrates that the Veteran has a group of close friendships and a close relationship with his wife. These factors indicate that his PTSD symptomatology does not cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. In sum, the Board finds that the totality of the evidence shows that the disability picture for the Veteran's PTSD warrants a 50 percent rating, but no higher. 38 C.F.R. §§ 4.3, 4.7. 

 

 

J. Ragheb

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Edward G. Lent

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.