CLEVENGER, Circuit Judge.
 

 Robert W. Norton appeals the memorandum decision of the United States Court of Appeals for Veterans Claims (“Veterans Court”) that affirmed the determination of the Board of Veterans’ Appeals (“Board”) that, in turn, had found no clear and unmistakable error (“CUE”) in a September 1979 decision of the regional office (“RO”) terminating Mr. Norton’s rating of total disability based on individual unemployability (“TDIU”).
 
 Norton v. Principi
 
 No. 00-2133, 18 Vet.App. 317, 2003 WL 21468256 (Vet.App. June 19, 2003). We reject under
 
 Cook v. Principi,
 
 318 F.3d 1334 (Fed.Cir.2002)
 
 (en banc),
 
 Mr. Norton’s arguments that the RO decision is not a final decision and that his case can be reopened in the absence of CUE or new and material evidence.
 

 I
 

 Mr. Norton served on active duty in the U.S. Army from November 1942 to March 1943. After awarding Mr. Norton several service-connected partial disability ratings during the intervening decades, the RO awarded Mr. Norton a TDIU rating in July 1973. In September 1979, however, the RO sent notice to Mr. Norton that his disability rating was to be reduced to non-compensible and that his TDIU rating was to be terminated effective December 1979. Mr. Norton sent additional medical information to the RO and underwent further VA examinations in the following months, but the RO informed him in July 1980 that his noncompensible rating would be continued. Mr. Norton filed a notice of disagreement, and the RO issued Mr. Norton a statement of the case in August 1981. Mr. Norton did not appeal within the 60-day window indicated in the RO’s August 1981 letter, and the RO’s decision became final.
 

 In 1993, Mr. Norton sought to reopen his claim. He alleged that the RO’s September 1979 rating action was the product of CUE. In September 2000, the Board found no CUE. In June 2003, the Veterans Court affirmed the Board’s decision on CUE.
 
 Norton,
 
 2003 WL 21468256 at *4-5. The Veterans Court also rejected under
 
 Cook
 
 Mr. Norton’s argument that “the September 1979 RO decision that eliminated his TDIU rating is not final and is void ab initio ‘due to the RO’s procedural violations of 38 C.F.R. § 3.105(e) (1979).
 
 Id.,
 
 2003 WL 21468256 at *3.
 

 Mr. Norton appealed to this court.
 

 II
 

 Our jurisdiction to hear Mr. Norton’s appeal is controlled by 38 U.S.C. § 7292.
 
 *1338
 
 Because this appeal does not require us to review the schedule of ratings for disabilities, we may review the validity of the decision of the Veterans Court insofar as it presents a question related to “a rule of law or of any statute or regulation ... or any interpretation thereof....” 38 U.S.C. § 7292(a) (Supp.2000). We are expressly prohibited, however, from reviewing factual findings or applications of law to fact that do not present a constitutional issue.
 
 Id.
 
 § 7292(d)(2). In this appeal, Mr. Norton presents the legal question of whether the violation of a particular regulation, 38 C.F.R. § 7105(e), vitiates the finality of an otherwise final decision. We therefore have statutory jurisdiction to decide this appeal.
 

 Ill
 

 On appeal, Mr. Norton reasserts the argument he pressed to the Veterans Court that the September 1979 notice of the termination of his TDIU rating did not become a final decision that bars subsequent reopening of his disability claim.
 
 [1]
 
 “If a Veteran fails to appeal from an RO decision concerning a claim, the decision becomes ‘final,’ and ‘the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with this title.’ ”
 
 Cook,
 
 318 F.3d at 1336 (quoting 38 U.S.C. § 7105(c) (2000)). We have recognized that there are two statutory exceptions to section 7105(e)’s rule of finality: if new and material evidence is presented and if the decision was premised on CUE.
 
 Id.
 
 at 1337.
 

 Mr. Norton’s argument, however, does not fall into either of these exceptions. Rather, he argues that a third exception to finality should be recognized to permit the reopening of a case when a veteran receives defective notice of a reduction in his disability rating that violates 38 C.F.R. § 3.105(e). In 1979, section 3.105(e) provided that:
 

 Where the reduction in evaluation of a service-connected disability or employa-bility status is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, rating action will be taken.... The veteran will be ... furnished detailed reasons therefor, and will be given 60 days for the presentation of additional evidence.
 

 38 C.F.R. § 3.105(e) (1979). Mr. Norton argues that because he was never furnished with “detailed reasons,”
 
 id.,
 
 for the reduction, he never received the notice prescribed by regulation. For the purposes of this opinion, we will assume a violation. He further argues that this violation of the regulation creates an exception to the rule that decisions of the RO not timely appealed by the veteran become final decisions.
 

 On the basis of our decision in
 
 Cook,
 
 we disagree. In
 
 Cook,
 
 we overruled
 
 Hayre v. West,
 
 188 F.3d 1327 (Fed.Cir.1999), “insofar as that case holds that the existence of ‘grave procedural error’ renders a decision of the Veterans’ Administration non-final[.]”
 
 Cook,
 
 318 F.3d at 1336. We noted “[t]he statutory scheme provides only two exceptions to the rule of finality” (namely “new and material evidence” and CUE), and we concluded that Congress did not intend to allow exceptions to the rule of finality in addition to the two that it expressly created.
 
 Id.
 
 at 1339. Mr. Norton does not convincingly argue that he has uncovered a previously overlooked, third express exception to the rule of finality. The statutes establishing the two recognized exceptions indicate in clear terms
 
 *1339
 
 that they permit an otherwise final decision to be revisited.
 
 See
 
 38 U.S.C. § 5108 (2000) (“If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.”);
 
 id.
 
 § 5109A(a) (“A decision by the Secretary under this chapter is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised.”). Although section 3.105(e) does establish a notice-related rule that the VA must follow in communicating with the veteran, it does not provide that a failure to comply with the rule affords the veteran an opportunity to vindicate his right to receive “detailed reasons,” 38 C.F.R. § 3.105(e), if the veteran receives notice of the decision, he fails to timely pursue his appeal, and the RO decision thus becomes final.
 

 IV
 

 Mr. Norton also raises an argument that the VA’s defective notice “throughout the termination proceedings beginning in September 1979 and ending in 1981 ... violated the due process clause of the Fifth Amendment to the U.S. Constitution.” Mr. Norton concedes that he did not raise this issue below, and fails to establish that he was precluded from timely asserting the issue to the Veterans Court. We therefore decline to reach the issue.
 

 V
 

 In conclusion, we reject Mr. Norton’s argument that the RO’s alleged failure to comply with the “detailed reasons” aspect of the notice provision in 38 C.F.R. § 3.105(e) amounts to an exception to the principle of finality articulated in 38 U.S.C. § 7105(c), and we affirm the decision of the Veterans Court.
 

 AFFIRMED.
 

 [1]
 

 . Mr. Norton has not appealed the Veterans Court ruling on CUE.