# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-2140

DON H. NELSON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY,[*] STEINBERG, and KASOLD, *Judges.*

## O R D E R

The Secretary moves for reconsideration, or in the alternative for a panel decision, regarding a March 29, 2004, single-judge order vacating a May 23, 2002, decision of the Board of Veterans' Appeals (Board), which denied the claim of veteran Don H. Nelson for an effective date prior to October 8, 1993, for a grant of service connection for multiple sclerosis (MS), and remanding the matter for readjudication. Record (R.) at 2. The single-judge remand order was based on findings that (1) although the Secretary notified the veteran what information and evidence was necessary to substantiate the claim, "the Board failed to discuss whether VA ever notified the appellant of who is responsible for obtaining such evidence," as required by 38 U.S.C. § 5103(a), and (2) the record failed to contain any evidence that the veteran was asked to "provide any evidence in [his] possession that pertains to the claim," as required by 38 C.F.R. § 3.159(b) (2003). The Secretary contends that he provided the required notice, but to the extent that the notice he provided is deemed insufficient he argues that there was no prejudice to Mr. Nelson. Secretary's Motion at 5-7, 9-10 (citing 38 U.S.C. § 7261(b)(2)).

On June 23, the Court ordered Mr. Nelson, pursuant to Rule 35(g) of the Court's Rules of Practice and Procedure, to a file a response to the Secretary's motion, and further ordered Mr. Nelson to state, as part of that response, inter alia, under what theory, other than clear and unmistakable error (CUE), he could have been awarded an earlier effective date for the award of service connection for his MS. Mr. Nelson responded, citing *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004), that he would rely on the theory that his 1977 claim for service connection "remains pending and unadjudicated based upon . . . VA's failure to sympathetically read his February 1977 claim to include a claim for service-connected compensation for his multiple sclerosis." Appellant's Response (Resp.) at 4-5.

---

[*] Judge Farley participated in the decision on the merits in this case, but retired before the decision could be published.

The motion for reconsideration will, by the single judge, be denied. The motion for a panel decision will be granted, and the March 29, 2004, single-judge order will be withdrawn and this order issued in its place. For the reasons set forth below, the decision of the Board will be affirmed.

Mr. Nelson served on active duty in the U.S. Army from April 1958 until April 1967. R. at 9-10. In February 1977, he filed a claim for service connection of a "nervous condition". R. at 97-100. A VA regional office (RO) denied his claim in March 1977. R. at 102. In May 1987, he filed a claim for residuals of a stroke. R. at 104-07. That claim was denied by the RO in December 1987. R. at 148-49. There is no evidence in the record that either of these denials was appealed. *See* R. at 1-576.

In October 1993, Mr. Nelson attempted to reopen his disallowed claim for residuals of a stroke. R. at 209-10. In April 1994, the RO denied his claim to reopen, finding that no new and material evidence had been presented. R. at 209-11, 218-19. On appeal, the Board determined that although he was not suffering from residuals of a stroke, the medical evidence presented did establish that he was suffering from MS. R. at 341. The Board recharacterized his claim as one for residuals of MS and remanded the matter for further development by the RO. R. at 342-43. In April 1997, the RO granted service connection for MS, effective October 8, 1993, the date of Mr. Nelson's request to reopen his earlier claim for residuals of a stroke. R. at 376.

Mr. Nelson appealed the April 1997 RO decision; he asserted that he had been misdiagnosed since 1961 and argued that the Secretary had erred in not awarding an earlier effective date for his service-connected MS. R. at 397. On appeal, the Board remanded the matter for further development by the RO, including clarification as to whether Mr. Nelson was claiming CUE in any of the prior decisions. R. at 481-84. In February 2002, the RO awarded a 100% disability rating and special monthly compensation for MS but denied an earlier effective date. R. at 558-60. Mr. Nelson appealed to the Board the denial of an earlier effective date for his service-connected MS and clarified in a June 2002 statement to the Board that he was not claiming CUE in the prior decisions but rather that every decision since 1977 was not final because the RO had failed to consider the issue of service connection for MS. R. at 573-75.

In the decision now under review, the Board rejected Mr. Nelson's argument that prior claims were not final. R. at 5. The Board further noted that he was first diagnosed with MS in 1996 and that the RO had "liberally construed" the law to grant an effective date of October 1993. R. at 3. The Board then denied his claim for an earlier effective date. R. at 6.

In both his principal brief and his reply brief, Mr. Nelson argues that his 1993 request to reopen his previously denied claim was a request to reopen his original 1977 claim, and, as such, once that claim was reopened the effective date should have extended back to the date of that claim, i.e., 1977. Appellant's Brief (Br.) at 6-13; Appellant's Reply Br. at 1-3. In his response to the Court's June 23 order, Mr. Nelson reiterates his argument based on *Szemraj*, *supra*. Resp. at 4-5. Mr. Nelson's arguments for an earlier effective date appear to arise out of a misunderstanding of the effect of reopening a claim. It is well established that although a claimant may, through the

presentation of new and material evidence, reopen a particular previously-and-finally-denied claim and have the matter readjudicated, that action does nothing to affect the effective date of the award (unless, as is not here the case, the new evidence is from service medical records, *see Spencer v. Derwinski*, 4 Vet.App. 283, 293 (1993), *aff'd*, 17 F.3d 368 (Fed. Cir. 1994)). *See* 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(q)(1)(ii) (2004); *Leonard v. Principi*, 17 Vet.App. 477, 451 (2004) ("it is well established that the effective date for an award based on a claim to reopen is the date of the claim to reopen"); *Sears v. Principi*, 16 Vet.App. 244, 247 (2002); *Morris v. West*, 13 Vet.App. 94, 96 (1999). Once reopened, that claim's effective date may not be earlier than the date of receipt of the application to reopen.

Additionally, Mr. Nelson's subsequent argument that his February 1977 RO decision remains "pending and unadjudicated" based on VA's failure to "sympathetically read" his original claim lacks merit. The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Norton v. Principi*, 376 F.3d 1336, 1338-39 (2004), has recently reemphasized that only two exceptions exist to the rule of finality: (1) A claim that is reopened because of the presentation of new and material evidence, which, as noted above, generally can have an effective date no sooner than the date of application to reopen the claim; and (2) a previous and final denial decision that is overturned on the basis of CUE (we note that Mr. Nelson has not argued CUE in this case (*see* R. at 1-6, 573-75), and so therefore this second ground has no applicability here). Specifically, the Federal Circuit rejected the argument that a procedural violation in a prior final decision could render that decision nonfinal: "[I]t does not [follow] that a failure to comply with the [procedural] rule [in question] affords the veteran an opportunity to vindicate his right to receive [the protections of that procedural right], if the veteran receives notice of the decision, he fails to timely pursue his appeal, and the RO decision thus becomes final." *Norton*, 376 F.3d at 1339. Because Mr. Nelson has no legal entitlement to an earlier effective date, there is no need to address whether section 5103(a) notice was required and provided in this case. *Cf. Valiao v. Principi*, 17 Vet.App. 229, 231-32 (2003) ("[w]here the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision, . . . [t]he failure to carry out . . . required development under those circumstances is nonprejudicial error").

Upon consideration of the foregoing, it is, by the single judge,

ORDERED that reconsideration is denied. It is further, by the panel,

ORDERED that the March 29, 2004, single-judge order is withdrawn. It is further

ORDERED that the August 1, 2002, Board decision is AFFIRMED.

DATED: September 30, 2004                                    PER CURIAM.


FARLEY, *Judge*, dissenting: I cannot concur in the majority's analysis and, for the reasons stated in the March 29, 2004, order, I believe a remand is required. Therefore, I dissent.

3