Citation Nr: 1326647 
Decision Date: 08/21/13 Archive Date: 08/29/13

DOCKET NO. 11-16 625 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to an effective date earlier than July 2, 2010 for a total disability rating based on individual unemployability due to a service-connected disability (TDIU).


ATTORNEY FOR THE BOARD

R. Casadei, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, had active service from April 1968 to April 1970.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an 
October 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina, which, in pertinent part, granted a TDIU effective July 2, 2010.
FINDINGS OF FACT

1. The earliest factually ascertainable date that the Veteran was unemployable due to service-connected posttraumatic stress disorder (PTSD) is June 11, 2010.

2. The Veteran's claim for a TDIU was received on July 2, 2010.


CONCLUSION OF LAW

An earlier effective date of June 11, 2010 for the grant of a TDIU is warranted. 
38 U.S.C.A. §§ 5107, 5110 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.105, 3.340, 3.341, 3.400, 4.16 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2012). Such notice must include notice that a disability rating and an effective date for the award of benefits will be assigned if there is a favorable disposition of the claim. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107 (West 2002); 
38 C.F.R. §§ 3.159, 3.326 (2012); see also Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004). 

The Veteran's current appeal is for an earlier effective date for the grant of a TDIU. Earlier effective date claims are generally considered to be "downstream" issues from the original grants of a claim if appealed from that initial grant. VA's General Counsel has promulgated an advisory opinion interpreting that separate notice of VA's duty to assist a veteran of his or her concomitant responsibilities in the development of a claim involving such downstream issues is not required when the veteran was provided adequate VCAA notice following receipt of the original claim. VAOPGCPREC 8-2003.

With regard to the appeal for an earlier effective date, the Board finds that no VCAA notice is necessary because the outcome of the appeal for an earlier effective date claim depends exclusively on documents which are already contained in the Veteran's record. The United States Court of Appeals for Veterans Claims (Court) has held that an appellant claiming entitlement to an earlier effective date is not prejudiced by the failure to provide him with VCAA notice of the laws and regulations governing effective dates if, based on the facts of the case, entitlement to an earlier effective date is not shown as a matter of law. See Nelson v. Principi, 18 Vet. App. 407, 410 (2004). In this case, the earliest possible effective date is being granted, that is, the date entitlement arose that was within one year of receipt of the claim for a TDIU. No additional development could alter the evidentiary or procedural posture of this case. In the absence of potential additional evidence, no notice is necessary. See DelaCruz v. Principi, 15 Vet. App. 143, 149 (2001) (VCAA notice is not required where there is no reasonable possibility that additional development will aid the claimant). 

That notwithstanding, in a July 2010 letter, VA informed the Veteran of the evidence necessary to substantiate his claim for a TDIU, evidence VA would reasonably seek to obtain, and information and evidence for which the Veteran was responsible. The July 2010 notice letter also provided the Veteran with notice of the type of evidence necessary to establish a disability rating and effective date. See Dingess/Hartman, 19 Vet. App. 473. 

VA must also make reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 
38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In this case, the Veteran's service treatment records, private treatment records, VA treatment records, the Veteran's statements, and an April 2010 VA examination report addressing the severity of the PTSD symptoms and the effects of such on his employability have been associated with the claims file.
 
Further, there is evidence that the Veteran participated in a VA vocational rehabilitation program (return-to-work program). The Board finds that a request for the vocational rehabilitation program documents is not warranted as the claims file contains two letters dated June 2010 from the Veteran's rehabilitation counselor. The June 2010 letters reflect that on June 11, 2010, the Veteran was formally discontinued from participating in the return-to-work program. The Board finds that the June 11, 2010 letter is the first evidence that entitlement to a TDIU arose; specifically, the Veteran was first discontinued from participating in the return-to-work program on that date, and not earlier. As such, the Veteran's enrolment in the program prior to June 11, 2010 demonstrates that there was some potential for the Veteran to obtain substantially gainful employment. Further, the VA rehabilitation counselor noted that the information relating to the Veteran's discontinuance from the program was being forwarded to the VA service center regarding compensation. See June 2010 memorandum from VA rehabilitation counselor to Veterans Service Center-21 Triage. This suggests to the Board that relevant documents for the vocational rehabilitation program were forwarded to the VA compensation service center. Accordingly, the Board finds that a request for additional records from the VA vocational rehabilitation program would not provide any additional relevant information as to the claim for a TDIU. Finally, the Veteran has not made the Board aware of any additional evidence that needs to be obtained prior to appellate review. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Earlier Effective Date for a TDIU

The effective date for an increased rating for disability compensation will be the earliest date as of which it is factually ascertainable that an increase in disability occurred if a claim is received within one year from such date; otherwise, the effective date is the date of receipt of the claim. 38 U.S.C.A. § 5110(b)(2); 
38 C.F.R. § 3.400(o)(2). Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010). A TDIU claim is a claim for increased compensation, and the effective date rules for increased compensation apply to a TDIU claim. See Hurd v. West, 13 Vet. App. 449 (2000). In general, "date of receipt" means the date on which a claim, information or evidence was received in VA. 38 C.F.R. § 3.1(r) (2012).

The Veteran contends that he is entitled to an effective date earlier than July 2, 2010 for the award of a TDIU. He contends that the increased compensation should be effective from as early as May 1, 2006, as his overall disability picture and employability status has remained the same since that time.

The Veteran filed his original claim for a TDIU in August 2006, contending that he was unemployable as of May 2006 due to PTSD. The RO denied a TDIU in a February 2007 rating decision, which the Veteran appealed to the Board. In a September 2008 decision, the Board denied a TDIU, the Veteran did not appeal to the Court, and the decision became final. See 38 U.S.C.A. § 7266 (West 2002);
38 C.F.R. §§ 20.1100, 20.1103 (2012). Thereafter, the Veteran filed a new claim for an increased rating for PTSD and a TDIU on July 2, 2010.

For the reasons discussed above, the Board will look at the rating period beginning July 2, 2009 (one year prior to date of receipt of Veteran's claim for a TDIU) to July 2, 2010 (the effective date from which TDIU was granted) to determine whether unemployability arose during that one year period. See Gaston, 605 F.3d at 982 (explaining the legislative intent to provide veterans with a one-year grace period following worsening of disability for filing their increased rating claims).

Upon review of all the evidence of record, the Board finds that the earliest factually ascertainable date that the Veteran was unemployable due to service-connected PTSD is June 11, 2010. In this regard, the Board finds that the only evidence of record from July 2, 2009 to July 2, 2010 is the Veteran's claim for a TDIU, a June 5, 2010 letter from Dr. H.J., and two June 2010 letters from the vocational rehabilitation counselor at the VA return-to-work program.

In the June 5, 2010 letter, Dr. H.J. noted that he had previously diagnosed the Veteran with PTSD and major depressive disorder. According to Dr. H.J., the Veteran had shown compliance with his medications and showed improvement over the years; however, he wrote that the Veteran continued to have a significant degree of withdrawal, inability to socialize, depressed mood, and poor tolerance to stress. Dr. H.J. further noted that the Veteran had problems with sleeping, flashbacks, nightmares, and became easily depressed. In his opinion, Dr. H.J. noted that the Veteran had many disabling symptoms; however, no opinion as to employability was rendered and no time frame to within one year prior to the increased rating claim was provided. The Board finds that the opinion from Dr. H.J. did not demonstrate a worsening of the Veteran's PTSD symptoms to the point of unemployability within the one year period prior to the increased rating claim; therefore, the statement generally shows the severity of the PTSD symptoms, but does not assert TDIU within one year of the date of the increased rating claim. 
38 C.F.R. § 3.400(o)(2); Gaston at 984.

The Board further finds that private treatment records from Dr. H.J. from July 2, 2009 to the present reflect ongoing treatment for PTSD symptoms, but do not provide an opinion or other proof as to the Veteran's employability.

Weighing in favor of an earlier effective date for a TDIU are the June 2010 letters from the VA vocational rehabilitation counselor at the return-to work program. In the June 11, 2010 letter, the VA vocational rehabilitation counselor noted that he reviewed the letter from Dr. H.J. and stated that the Veteran's vocational rehabilitation program had been interrupted because of the severity of the Veteran's PTSD symptoms. The VA vocational rehabilitation counselor explained that this discontinuance meant that the Veteran would no longer be eligible for benefits under the VA return-to-work program. See also June 2010 memorandum from VA vocational rehabilitation counselor to Veterans Service Center-21 Triage. As such, the VA vocational rehabilitation counselor informed the Veteran that he planned to formally discontinue the Veteran's program and training unless the Veteran called within 30 days to consider initiating services. 

In a subsequent June 26, 2010 letter, the VA vocational rehabilitation counselor informed the Veteran that he was being denied participation in the return-to-work program as it was found that it was not currently feasible for the Veteran to achieve successful return to suitable, gainful employment. 

For these reasons, the Board finds that the weight of the evidence of record reveals that the earliest factually ascertainable date that the Veteran was unemployable due to his service-connected PTSD disability is June 11, 2010, the date that the Veteran was formally discontinued from the VA return-to-work program. 

In reaching the above decision, the Board has considered the Veteran's contentions that the effective date for a TDIU should be much earlier, i.e., May 2006. The Board does not dispute that the Veteran has longstanding psychiatric disability; however, as discussed in detail above, entitlement to a TDIU arose on June 11, 2010. The Veteran did not submit a claim for an increased PTSD rating or for a TDIU prior to July 2, 2010. On review, there is simply no legal basis for assigning a TDIU effective date earlier than June 11, 2010, the date within the one year period prior to receipt of the increased rating claim in which entitlement to a TDIU arose (factually ascertainable). See Gaston, supra.

For these reasons, the Board finds that the earliest date entitlement arose, within one year from the filing of the July 2, 2010 claim for a TDIU, was June 11, 2010. Where, as here, the law, and not the evidence, is dispositive, the Board finds that there is no legal basis for assignment of an effective date earlier than June 11, 2010. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


ORDER

An earlier effective of June 11, 2010 for a TDIU is granted.




____________________________________________
J. Parker 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs