KASOLD, Judge,
dissenting:
The question before the Court involves the scope of 38 C.F.R, § 3.156(b) and Ber-aud, and whether the failure of the Secretary to render an essentially interlocutory,[8] non-merits determination causes a claim to remain open — even after a final decision ultimately is rendered on the merits of the claim — until the Secretary renders the interlocutory determination.
In addition to Beraud, the majority cite Young, 22 Vet.App. 461 (2009), Charles, 587 F.3d 1318 (Fed.Cir.2009), and Bond, 659 F.3d 1362 (Fed.Cir.2011), in support of their holding today that a claim remains open — regardless of notification to a claimant that his claim is denied and notice how to appeal such decision — until a formal determination in accordance with § 3.156(b) has been made on whether information submitted by a claimant during the administrative-appeal process constitutes new and material evidence that is deemed to have been filed with the underlying claim. Such a holding, however, ignores the fact that the § 3.156(b) determination is an interlocutory determination as opposed to a final decision on a claim. Neither case law nor common sense support the concept that a claim remains indefinitely open — with all subsequent decisions on the merits of the claim essentially rendered null and void, even after the claimant was provided notice that a final decision had been rendered and notice how to appeal — until such an interlocutory, non-merits determination is rendered.
Indeed, the error in today’s holding is apparent when one considers that it means a final decision on a claim affirmed by this Court, the Federal Circuit, and even the Supreme Court, would not close out an earlier claim for the same benefits if the Secretary had not rendered an interlocutory determination explicitly stating whether evidence submitted within the administrative-appeal period of the earlier claim was new and material. Such a broad concept not only is not supported by case law, it also violates the Federal Circuit’s en banc holding in Cook v. Principi, 318 F.3d 1334, 1341 (Fed.Cir.2002) (en banc) that even grave procedural errors are not an exception to finality.

Scope of § 3.156(b)

The only requirement imposed by § 3.156(b) is that the Board must consider *442 any new and material information submitted during the administrative-appeals process as having been filed with the underlying claim. 38 C.F.R. § 3.156(b) (2015). Specifically, § 3.156(b) states: .
(b) Pending claim. New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed (including evidence received prior to an appellate decision and referred to the agency of original jurisdiction by the Board of Veterans Appeals without consideration in that decision in accordance with the provisions of § 20.1304(b)(1) of this chapter), will be considered as having been filed in con-' nection with the claim which was pending at the beginning of the appeal period.
Id. (emphasis added).
Succinctly stated, the regulation requires interlocutory consideration of whether evidence submitted during an administrative-appeal period is new and material and to be deemed filed with the underlying claim.

Young, Charles, and Bond

In citing Young, Charles, and Bond collectively in support of the majority’s holding that a claim remains open until there is an explicit determination on whether information submitted during the administrative-appeals process is new and material and deemed submitted with the underlying claim, the majority err by ignoring the importance of the fact that each of the cited cases involved a claim on appeal that did not have a final decision.[9]
For example, Yomig involved a 1995 claim that was denied in a 1996 regional office (RO) decision. The claimant submitted additional information within the administrative-appeal period.- The RO and Board viewed that information as a claim for increased benefits and that claim was the subject of several interim decisions. The case came before the Court to address, inter alia, the effective date of benefits for the so-called increased-rating claim. The Court remanded the matter because the Board decision rejected an earlier effective date without considering (1) whether the material submitted within the administrative-appeal period was new and material, or (2) whether the evidence might support an effective date as of the date of the original and underlying 1995 claim. Succinctly stated, no final decision on the merits of the underlying claim had ever been rendered such that all issues remained subject to dispute.
Similarly, Charles involved an original claim for disability benefits filed in 1980 that was decided that same year. The claim remained pending because the claimant submitted additional information within the administrative-appeal period and the Secretary took no action. The claimant submitted another claim in 1982, which was treated as a claim to reopen and ultimately deemed abandoned, and the claimant filed yet another claim to reopen in 1991 which resulted in an award of benefits with an effective date as of the date of the 1991 claim to reopen. The claimant appealed the effective date, and this Court affirmed on the view that the 1982 claim became final by virtue of the abandonment, which ended the pending status of the 1980 claim. The Federal Circuit noted that the abandonment of a claim provided no notice to a claimant that his claim had been denied and therefore could not serve *443 to close any earlier, pending claims for the same benefits. Thus, an effective date back to the underlying and original 1980 claim remained a viable issue because there was no final decision closing it out; the only other claim, the one filed in 1991, could not be final because it was on appeal before the Federal Circuit. Succinctly stated, there was no final decision closing out the 1980 claim.
Likewise, Bond involved a claim filed in 1996 that was decided in a 1997 RO decision. The claimant filed additional information within the administrative-appeal period, which the RO treated as an increased rating claim and denied in 1998. The claimant timely appealed the 1998 RO decision, and that was the claim that was before the Federal Circuit; thus, none of the issues relating to the 1998 claim were final. The Federal Circuit held that the RO’s treatment of the additional information as an increased rating claim did not satisfy § 3.156(b), which requires new and material evidence to be considered as filed with the 'underlying claim. Because no determination had been made regarding whether the submitted information was new and material, the underlying 1996 claim remained open, and the matter was remanded for further adjudication of the proper effective date.
Each of these cases involved the failure of the Secretary and the Board to properly consider a claimant’s submission of evidence after a RO decision and during the administrative-appeal period. None of these cases involved a final decision on the underlying claim for which notice of finality and how to appeal had been provided to the claimant.
Only Bemud involved a final decision for which notice of finality and how to appeal had been provided to the claimant and a holding that such a final decision nevertheless left the underlying claim in an unadjudicated state because the interlocutory decision of whether evidence submitted during the administrative-appeal period was new and material had not been made. But, Bemud is distinguishable on its facts.

The Scope and Application of Bemud

Every decision must be read in the context of its facts. As Chief Justice Marshall stated:
It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.
Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399, 5 L.Ed. 257 (1821); see also Lasovick v. Brown, 6 Vet.App. 141, 149 (1994) (recognizing that language quoted from a particular opinion, “although universal in scope, does not constitute binding precedent beyond the facts there before the Court”). Applying this principle, Bemud does not control the outcome in this case.
Bemud involved a 1985 claim that was denied that same year. During the administrative-appeal period, the claimant submitted additional information regarding the location of more service medical records. The RO never replied. Beraud filed claims to reopen in 1992 and 2002 that were denied because he had not submitted new and material evidence. He did not appeal those decisions. He filed an *444 other claim in 2004 and submitted a medical opinion tying his disability to service that resulted in the award of benefits. He sought an effective date back to the date of his 1985 claim, but an earlier date was denied because his 1985 claim had become final by virtue of the denial of his 1992 claim to reopen. The Federal Circuit focused on § 3.156(b) and noted that the regulation, as interpreted by Bond, required a decision that directly responded to whether the information submitted within the administrative-appeal period was new and material. Noting that the information identified by Beraud during the administrative appeal period associated with his 1985 claim had never been obtained and that no decision had ever been rendered on whether it was new and material, the Federal Circuit concluded that the later decisions did not close out the 1985 claim and the claim therefore remained open.
Although my colleagues in the majority downplay the significance of the fact that the information identified by Beraud had never been obtained, the Federal Circuit essentially highlighted this fact by introducing this failure with the telling word “Indeed.”[10] See Beraud, 766 F.3d at 1404 (“Indeed, the dissent noted that the medical records which the RO said it needed in 1985 ‘appear to be yet unobtained.’ ” (quoting Beraud v. Shinseki, 26 Vet.App. 313, 322 (2013) (Bartley, J., dissenting))). The Federal Circuit noted this fact again in its discussion surrounding the inapplicability of the presumption of regularity in that case because the presumption would involve consideration of “records [VA] never obtained.” Id. at 1407. And, this fact was again noted in a footnote when the Federal Circuit observed that nothing in the 1990 RO decision informed the claimant that the “missing service medical records were ever considered for any purpose.” Beraud, 766 F.3d at, 1406 n. 1 (emphasis added).
Indeed, concluding that the fact that the information referenced by Beraud’s 1985 letter had never been obtained was the material fact that resulted in the Federal Circuit’s majority decision, is the only way to explain why the Federal Circuit reached a conclusion so strikingly different from the then extant case law. See Cook v. Principi, 318 F.3d 1334, 1341 (Fed.Cir.2002) (en banc) (holding that grave procedural errors are not an exception to finality); [11] compare Beraud, 766 F.3d at 1407 *445 (holding that a claim remained open for failure to render a decision regarding whether new and material evidence had been submitted even when there were subsequent decisions on the same claim that had become final), with Williams v. Peake, 521 F.3d 1348, 1351 (Fed.Cir.2008) (holding that a subsequent final adjudication of a claim which is identical to a pending claim that had not been finally adjudicated terminates the pending status of the earlier claim); Juarez v. Peake, 21 Vet.App. 537, 542 (2008) (holding that an unappealed denial of a request to reopen a claim for benefits for a disability rendered final both the request to reopen and the underlying, unadjudicated claim).
The failure to ever obtain the evidence referenced by the appellant also is the material fact that distinguishes the case now before us from Beraud. Unlike in Beraud, the information submitted in this case during the administrative-appeal period was in the file throughout the entire process of adjudications. To be sure, the submission of the information kept Mr. Mitchell’s 1973 claim in an unadjudieated state, but this was only until the claim was adjudicated.
Mr. Mitchell could have asked the Secretary to adjudicate his claim, and the failure to do so could have been the subject of a petition for mandamus. But, Mr. Mitchell also could have submitted a claim to reopen and addressed the underlying unad-judicated claim at that time. He took the latter action. He sought to reopen his claim in 1999, and the issue of his unadju-dicated claim — including the interlocutory matter of whether the information he had submitted during the administrative-appeal period was new and material and should be associated with the 1973 claim— was ripe for adjudication at that time. The decision on his 1999 claim — for the same benefit sought in the 1973 claim— became final when he did not appeal. At that time, even grave procedural errors could not leave the matter in an unadjudi-cated state. See Cook, 318 F.3d at 1341 (holding that grave procedural errors are not an exception to finality).
To read the concern of the Beraud majority beyond the facts in that case is to ignore the en banc holding in Cook that veterans must appeal even grave procedural errors or else the decision on their claim will become final. Id. at 1341; see also Norton v. Principi, 376 F.3d 1336, 1338 (Fed.Cir.2004) (declining to disrupt the finality of an RO decision in a case where the claimant’s disability rating was reduced, he received notice — albeit, notice that did not meet the applicable regulatory standard — and he did not appeal); Tetro v. Principi, 314 F.3d 1310, 1313 (Fed.Cir.2003) (declining to disrupt the finality of a Board decision when the Secretary had not complied with the duty to assist but the claimant had not appealed).
Accordingly, Beraud should be limited to its material facts, and, if so viewed, it is not the controlling case here. Rather, this case is controlled by Cook, Williams, Norton, and Tetro. To hold otherwise is to eviscerate final decisions for which a claimant has been provided notice how to appeal solely because an interlocutory decision had not been rendered on whether information submitted during the administrative-appeal period is new and material and *446 deemed as filed with an underlying claim. This cannot plausibly be the rule the Federal Circuit meant to establish for all cases; Bemud can and should be distinguished on its facts.

Bemud Should be Reconsidered if it Cannot be Distinguished

Although the majority has declined to limit Bemud to its facts, see supra at 445, the Federal Circuit should reject the majority’s broad interpretation of Bemud and instead limit the case to its facts. Alternatively, the Federal Circuit sitting en banc should consider (1) overruling Bemud, or (2) explaining how the en banc decision in Cook is consistent with a holding that a claim, even after a final decision has been rendered on it, nevertheless remains unad-judicated because an interlocutory determination had not been rendered.
As the reader of my dissent might pick up, the claimant in Bemud never submitted his service medical records; rather, he referenced where they were located, Beraud, 766 F.3d at 1403. The failure of the Secretary to obtain, or try to obtain, those records was a duty to assist failure. And, duty to assist failures are the type of grave procedural errors that do not preclude finality. See Cook, 318 F.3d at 1341 (declining to vitiate finality when the claimant asserted a duty to assist violation).
It is difficult to understand how the failure to render a decision on an interlocutory matter — whether information submitted during an administrative-appeal period is new and material, and to be deemed filed with the underlying claim — can keep a claim in an unadjudicated state even after a final decision on the same claim has been rendered subsequent thereto, when other equally or more significant errors— such as the failure to obtain records, provide a medical examination, provide a Statement of the Case, provide a Supplemental Statement of a Case, or offer a decision on the merits — do not keep a claim pending after a subsequent decision on the same claim is rendered and becomes final.
Reconciling Bemud with the Federal Circuit’s en banc and panel cases is even more difficult in light of the facts in Ber-aud. The information submitted in Bemud was simply a reference to records that could be obtained; pursuant to § 3.156, that information, on its face, is not new and material, see 38 C.F.R. § 3.156(a) (defining “new and material” as “evidence not previously submitted” that “relates to an unestablished fact necessary to substantiate the claim”); see also Voracek v. Nicholson, 421 F.3d 1299, 1305 (Fed.Cir.2005) (noting that appellant’s statement was not material on its face). The referenced records might have been new and material, but the mere reference only raised a duty to assist issue, see Ivey v. Derwinski, 2 Vet.App. 320, 322 (1992) (noting that a claimant’s reference to medical treatment and provision of the doctor’s address was not new and material evidence, but did trigger the duty to assist), which, as noted above, does not keep a claim in an unadjudicated state.

Conclusion

In summary, . I believe Bemud can and should be distinguished and limited to its facts, leaving the matter before us to be decided by application of Cook and Williams. I would affirm the Board decision.

. Black’s Law Dictionary 889 (9th ed. 2009) (defining "interlocutory” as a decision that does “not constitute] a final resolution of the whole controversy”). Although the majority describe my noting that a § 3.156 determination is an interlocutory determination as a "rhetorical device” employed to “minimize the importance” of the determination, ante at 436, they wholly fail to discern my intent, which is simply to describe exactly what such a determination is so that the failure to render such a determination might be properly examined. Significantly, the majority neither dispute the term’s application here nor explain why using accurate terminology affects the importance of the decision.

. Although the majority state that the factual differences between the case on appeal and the cases they cite are not relevant because the cited cases are only used to explain controlling interpretations of § 3.156(b), the factual differences are germane because the statements must be read within their factual context See Cohens and Lasovick, both infra.

, I do not dispute the majority’s view that the Federal Circuit was "absolutely clear” that Beraud's error was not providing a § 3.156 determination. In Mr. Mitchell’s case, it certainly was error for the 1973 RO not to provide the required § 3.156 interlocutory determination, and that error kept the RO decision from becoming final. But that error could have been raised in the processing of Mr. Mitchell’s 1999 claim to reopen, with the right to appeal an adverse decision, and when that claim became final, it rendered the RO decision final too. See supra at 442-43 (discussing Young, Charles, and Bond), As discussed in the text of my dissent, to hold otherwise expands Beraud beyond its facts and runs afoul of Cook.

. Despite the majority’s position that Cook and Beraud are not in conflict because Cook permits regulatory exceptions to finality and Beraud recognized § 3.156 as an exception, Beraud does not mention Cook or otherwise address its holding that grave procedural errors do not vitiate finality. Although the majority’s view is possible — that the Beraud panel considered Cook — it surely is an overstatement to state that "the most logical and obvious explanation” for Beraud's silence on Cook is that the Federal Circuit determined that Cook was not relevant. Ante at 439. I submit the panel would have discussed Cook and grave procedural error had the parties argued and the panel considered it, and I further suggest that the failure to discuss Cook and finality is more logically attributed to the failure of the parties to raise the issue. See ICC Industries, Inc. v. United States, 812 F.2d 694, 698 n. 4 (Fed.Cir. 1987) (declining to address an issue that was not raised by *445 the parties); cf. Pederson v. McDonald, 27 Vet.App. 276, 281-86 (2015) (en banc) (noting that this Court, like others, will generally not address an issue not raised by the appellant in an opening brief); compare ante at 439 (noting that the Federal Circuit explicitly explained why Cook was not applicable in another case). Moreover, no case, not even Beraud, holds that the failure to render a § 3.156(b) interlocutory determination precludes finality in all cases.