http://www.va.gov/vetapp16/Files3/1626421.txt

Citation Nr: 1626421 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 12-28 067 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUES

1. Entitlement to an effective date earlier than September 22, 2011 for the grant of service connection for tinnitus.

2. Entitlement to an effective date earlier than November 6, 2012 for the grant of service connection for an acquired psychiatric disorder, to include major depressive disorder.

REPRESENTATION

Appellant represented by: John Berry, Attorney

ATTORNEY FOR THE BOARD

C. Lamb, Associate Counsel

INTRODUCTION

The Veteran served on active duty from August 1989 to November 1993. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from March 2012 and April 2013 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In a June 2015 decision, the Board denied, inter alia, the Veteran's claims for earlier effective dates for tinnitus and major depressive disorder. The Veteran appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims (Court). By an Order dated in December 2015, the Court vacated the Board's June 2015 decision as to the above-referenced effective date issues and remanded those issues for readjudication in compliance with the Joint Motion for Partial Vacatur and Remand. 

The issue of entitlement to an earlier effective date for the grant of service connection for major depressive disorder is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ.

FINDINGS OF FACT

1. The Veteran has never filed a formal claim seeking service connection for tinnitus.

2. Service connection is in effect for bilateral chronic otitis media with postoperative residuals.

3. The earliest competent and credible evidence of tinnitus is June 2005; the Veteran's tinnitus at the time was not recurrent in nature, and consequently the June 2005 examination report did not constitute an informal claim of service connection for tinnitus.

4. Claims seeking an increased rating for bilateral chronic otitis media with postoperative residuals were thereafter denied in unappealed January 2006 and April 2010 rating decisions.

6. On October 22, 2010, the Veteran filed a claim seeking an increased rating for his service-connected bilateral chronic otitis media with postoperative residuals; this constituted an informal claim of service connection for tinnitus.

7. Service connection for tinnitus was thereafter granted, with an assigned 10 percent rating effective September 22, 2011, the date of a VA examination.

CONCLUSION OF LAW

The criteria for an effective date of October 22, 2010, but not earlier, for the grant of service connection for tinnitus have been met. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.156, 3.157, 3.400 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

Upon receipt of a substantially complete application, VA must notify the claimant and any representative of any information, medical evidence, or lay evidence not previously provided to VA that is necessary to substantiate the claim. The notice must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5103, 5103A, 5107 (West 2014); 38 C.F.R. § 3.159 (2015); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

The appeal of an initial rating and initial effective date are downstream issues, for which additional notice under 38 U.S.C.A. § 5103(a) is not required. 38 C.F.R. § 3.159(b)(3) (2015); Hartman v. Nicholson, 483 F.3d. 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). The Board notes that the Veteran received the notice to which he is entitled under 38 U.S.C.A. §§ 5103A and 7015. Thus, VA has satisfied the duty to notify the appellant and had satisfied that duty prior to the adjudication in the February 2014 supplemental statement of the case. 

The Board also finds that the duty to assist requirements have been fulfilled. All relevant, identified, and available evidence has been obtained. The appellant has not referred to any additional, unobtained, relevant, or other available evidence. Thus, the Board finds that the VA has satisfied the duty to assist provisions of law. No further notice or assistance to the Veteran is required to fulfill VA's duty to assist him in development. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

Effective Date

Generally, except as otherwise provided, the effective date of an evaluation and award of pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the day following separation from active service or the date entitlement arose, if the claim is received within one year after separation from service; otherwise, the date of receipt of the claim, or the date entitlement arose, whichever is later. See 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. § 3.400 (2015). It is well established that the effective date for a reopened claim, after a final disallowance, shall be the date of receipt of the new claim or date entitlement arose, whichever is later. 38 C.F.R. § 3.400(q)(1)(ii) (2015); See Nelson v. Principi, 18 Vet. App. 407, 409 (2004); Leonard v. Principi, 17 Vet. App. 447, 451 (2004); Sears v. Principi, 16 Vet. App. 245, 247 (2002), aff'd, 349 F.3d 1326 (Fed. Cir. 2003); see also Lapier v. Brown, 5 Vet. App. 215 (1993) (holding that an award granted on a reopened claim may not be made effective prior to the date of receipt of the reopened claim).

In Ingram v. Nicholson, 21 Vet.App. 232, 237 (2007), the Court held that a reasonably raised claim remains pending until there is either a recognition of the substance of the claim in an RO decision from which a claimant could deduce that the claim was adjudicated or an explicit adjudication of a subsequent 'claim' for the same disability. 

The Court has identified four factors for consideration when determining whether a claim was implicitly denied: (1) the relatedness of the claims; (2) whether the adjudication alluded to the pending claim in such a way that it could reasonably be inferred that the prior claim was denied; (3) the timing of the claims; and (4) whether the claimant is represented. Cogburn v. Shinseki, 24 Vet. App. 205, 212 (2010).
 
By way of history, the Veteran never formally requested service connection for tinnitus. Service connection for that disorder was granted on the basis of a September 22, 2011 VA medical opinion conducted in response to the Veteran's claim for an increased rating for his service-connected bilateral chronic otitis media with postoperative residuals. The Veteran's service-connected ear disability is rated under 38 C.F.R. § 4.87, DC 6200 which provides for a separate rating for tinnitus under DC 6260. As such, the claim for an earlier effective date for tinnitus is tied to the Veteran's claims for an increased rating for his service-connected ear disability, as those claims potentially may be considered informal claims seeking service connection for tinnitus. A review of such claims is therefore necessary.

The Veteran's ear disability was initially granted in a June 1994 rating decision that assigned a non-compensable rating effective December 1993. The Veteran was notified of this decision in June 1994; he did not appeal this decision and new and material evidence was not received within one year of its issuance. Therefore, this decision became final. 38 U.S.C.A. § 7105(d)(3) (West 2014); 38 C.F.R. §§ 3.104, 3.156(a)-(b), 20.302, 20.1103 (2015). At the time of the decision, the evidence of record did not reference the presence of any tinnitus.

The Veteran filed a claim for an increased rating for his ear disability in June 1999. A February 2000 rating decision granted the claim and assigned a 10 percent rating effective December 1993. The Veteran thereafter filed a timely notice of disagreement and the RO readjudicated the appeal in a November 2000 statement of the case. The Veteran did not file a substantive appeal and that decision became final. See 38 U.S.C.A. § 7105(a) (West 2014); 38 C.F.R. § 20.200 (2015); see also 38 U.S.C.A. § 7105(d)(3) (West 2014) ("The claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal"); 38 C.F.R. § 19.32 (2015) (agency of original jurisdiction may close the appeal without notice to the appellant or his or her representative for failure to respond to a Statement of the Case); Roy v. Brown, 5 Vet App. 554, 556 (1993). At the time of the decision, the evidence of record did not reference the presence of any tinnitus.

In October 2000, the Veteran submitted another claim for an increased rating for his service-connected ear disability. In an August 2002 rating decision the RO denied entitlement to a rating in excess of 10 percent. The Veteran did not appeal this decision and new and material evidence was not submitted within one year; thus, this decision became final. 38 U.S.C.A. § 7105(d)(3) (West 2014); 38 C.F.R. §§ 3.104, 3.156(a)-(b), 20.302, 20.1103 (2015). The evidence of record at that time did not reference tinnitus.

In February 2004, the Veteran again submitted a claim for an increased rating. This claim was denied in an August 2004 rating decision. In May 2005 the VA received a March 2005 operative report showing that the Veteran underwent a left tympanoplasty with removal of cholesteatoma due to a residual cholesteatoma of the left middle ear. A June 2005 ENT examination report noted the presence of occasional, non-recurrent tinnitus. Thereafter, the increased rating claim was denied in a January 2006 rating decision. The Veteran did not appeal this decision and new and material evidence was not submitted within one year; thus, this decision became final. 38 U.S.C.A. § 7105(d)(3) (West 2014); 38 C.F.R. §§ 3.104, 3.156(a)-(b), 20.302, 20.1103 (2015).

In December 2009, the Veteran filed another claim for an increased rating. This claim was denied in an April 2010 rating decision. Again, the Veteran did not appeal this decision and new and material evidence was not submitted within one year and the decision became final. 38 U.S.C.A. § 7105(d)(3) (West 2014); 38 C.F.R. §§ 3.104, 3.156(a)-(b), 20.302, 20.1103 (2015).

The last claim for an increased rating was filed on October 22, 2010. In a March 2012 rating decision, the RO denied the claim for an increased rating in excess of 10 percent for bilateral chronic otitis media with postoperative residuals. However, the RO granted service connection for tinnitus and assigned an initial 10 percent disability rating effective September 22, 2011, the date of the VA medical examination.

Analysis

Prior to June 2005, the evidence on file is silent for any reference to tinnitus. In fact, during a June 2004 VA ear, noses and throat (ENT) examination, the Veteran denied tinnitus. Consequently, the Board finds that none of the claims seeking an increased rating for the Veteran's ear disability filed prior to June 2005 constituted an informal claim of service connection for tinnitus. As already noted, the Veteran never filed a formal claim seeking service connection for that disorder.

In the June 2005 VA ENT examination report, the Veteran complained of occasional non-recurrent tinnitus in both ears. The Board notes that inasmuch as the rating criteria for tinnitus required tinnitus which was recurrent to warrant a compensable rating, the June 2005 examination report did not constitute an informal claim seeking service connection for tinnitus. This is because the rating criteria for the service connected ear disability, which forms the basis for the inquiry into whether an informal claim for tinnitus has been raised, specifies that complications such as tinnitus are to be rated separately, which cannot be done under Diagnostic Code 6260, which requires that the tinnitus be recurrent in nature.

Even assuming that the June 2005 examination report did constitute an informal claim seeking service connection for tinnitus, the Board finds that the issue would have been implicitly denied in the January 2006 and April 2010 rating actions, from which no appeal was taken. In this regard, the Board points out that the tinnitus and the service-connected ear disorder were clearly very closely related, inasmuch as the criteria for the ear disorder specifically noted that associated tinnitus should be separately rated. For this reason, the Board finds that the timing of the increased rating and informal service connection claim were close in proximity, and in fact were identical in timing, assuming that the increased rating claim itself raised the tinnitus claim. Moreover, the record reflects that the Veteran was represented at the time of the January 2006 and April 2010 rating actions. Lastly, it could reasonably be inferred that the January 2006 and April 2010 adjudications, which addressed among other things the evidence of hearing impairment and which did not assign a separate rating for tinnitus, denied service connection for tinnitus. The Board finds that the factors for consideration in determining whether a claim was implicitly denied all point in this case to an implicit denial of the tinnitus claim in the January 2006 and April 2010 rating actions. Consequently, even assuming the matter of service connection for tinnitus had been raised by the June 2005 examination report or in the context of the subsequent claim resulting in the April 2010 rating action, the Board finds that service connection for tinnitus was implicitly denied in both rating actions.

On October 22, 2010, the Veteran filed another increased rating claim, and during a September 22, 2011 VA examination conducted in connection with that claim, he was diagnosed as having constant tinnitus.

In October 2015, a VA examiner concluded that the Veteran's tinnitus was etiologically related either to service or to the service-connected ear disability. 

Consequently, the Board finds that the October 22, 2010 claim for an increased rating also established an informal claim seeking service connection for tinnitus. Based on the October 2015 examination report, the Board finds that entitlement to service connection for tinnitus was established as of the date of the October 2010 claim. 

The Board notes that during a March 2013 VA psychology examination the Veteran reported being diagnosed with auditory canal disease and tinnitus sometime in 1993. His spouse provided a statement in March 2016 indicating that the onset of his tinnitus occurred while he was in service. Both of those pieces of evidence were prepared and submitted well after October 2010. They are both inconsistent with the contemporaneous evidence which is silent for reference to tinnitus until June 2005. The Board finds that the recollections of the Veteran and his spouse starting in 2013 concerning the onset of tinnitus do not serve to retroactively establish a claim where there was none before. 

Accordingly, the Board finds that an earlier effective date of October 22, 2010 is warranted. The Board has considered whether an earlier effective date during the one-year period prior to the date of claim is warranted. See Hart v. Nicholson, 21 Vet. App. 505, 509 (2007). However, the earliest factually ascertainable date that the Veteran became entitled to the separate compensable disability rating for tinnitus is the date of the September 2011 VA examination, which is outside of the relevant one-year window; therefore, the appropriate effective date for the grant of a separate compensable disability rating for tinnitus is the date of claim, October 22, 2010. See 38 C.F.R. § 3.400 (o) (2014). Entitlement to an even earlier effective date is simply not warranted under the pertinent law and regulations. 38 U.S.C.A. §§ 5110(a), 7105 (West 2014); 38 C.F.R. §§ 3.104, 3.400 (2015). 

ORDER

An effective date of October 22, 2010, for the award of a 10 percent rating for tinnitus is granted, subject to the provisions governing the award of monetary benefits.

REMAND

The Joint Motion for Partial Vacatur and Remand found that the June 2015 Board decision failed to provide an adequate statement of reasons or bases for its denial of the Appellant's claim regarding entitlement to an effective date earlier than November 6, 2012 for the grant of service connection for major depressive disorder. Specifically, the Joint Motion found that the Board did not consider favorable evidence in determining "date entitlement arose" as to this claim.

The Veteran filed a claim for major depressive disorder on November 6, 2012. However, in a September 2000 statement in support of claim concerning the denial of convalescent disability following left ear surgery, the Veteran wrote "I have had lengthy periods of depression due to the fact of leaving the Navy because I would be limited by my hearing and ear problems." According to the Board's prior decision in this case, the September 2000 statement is accepted as an informal claim for service connection for depression.

With respect to the date entitlement arose, however, the claims file includes medical evidence and lay statements indicating that the Veteran's symptoms for depression date back as far as service. In addition, the Veteran's claims file includes VA medical records that show treatment reports for depression. An October 2000 VA medical report noted a mental health consultation for depression. In August 2009, the Veteran had two positive depression screen evaluations. A January 2010 VA medical record discussed side effects of medication the Veteran was prescribed to treat his depression. In an October 2010 VA medical record, the physician noted that the Veteran was currently on a prescription for depression since August 2009. The physician further noted that the Veteran was tearful while talking about his symptoms. At a March 2013 VA examination, the Veteran reported the following symptoms after being rejected from the Air Crew Candidate School in 1994 as a result of his hearing disability: depressed mood daily, diminished interest and pleasure in activities, loss of energy, feelings of worthlessness/guilt, and lack of motivation. Lastly, in March 2016, the Veteran's spouse submitted a statement detailing the onset of the Veteran's depression following his rejection from the Air Crew Candidate School.

The evidence on file for the period from 2000 through 2012 is unclear as to when, precisely, the psychiatric disorder for which service connection was ultimately granted arose. This is a different question from the etiology of the depression, and the evidence before the Board does not clearly identify whether in 2000 the Veteran actually had a depressive disorder, or whether it was present at some later point.

In light of the above, the Board finds that a supplemental medical opinion is necessary to determine the onset of the Veteran's acquired psychiatric disorder, to include major depressive disorder. See Chotta v. Peake, 22 Vet. App. 80 (2009).

Accordingly, the case is REMANDED for the following actions:

1. Request that the Veteran identify any sources of VA or non-VA treatment for his psychiatric disorder for the period from January 2000 to December 2012. With any necessary authorization from the Veteran, obtain any medical records identified by the Veteran that are not already of record.

2. Forward the claims file to the physician that conducted the March 2013 VA mental disorder examination, if available, for a supplemental medical opinion. Another examination is not required; however, if the VA examiner indicates that he/she cannot respond to the Board's question without examination of the Veteran, such should be afforded the Veteran. The entire claims folder, to include any records in Virtual VA/VBMS and this Remand, should be made available for review in connection with this request and the report should reflect that such review occurred.

The examiner should review the record, to include the complaints of in-service symptoms and the medical records prior to November 2012. The examiner must consider Veteran's statements regarding onset of symptoms during service and continuity of symptomatology after service. The examiner should provide an opinion as to the date when the Veteran's psychiatric disorder was first present in the veteran.

3. After all development has been completed, the RO/AMC should review the case again based on the additional evidence received since the February 2014 supplemental statement of the case (SSOC). If the benefits sought are not granted, the RO/AMC should furnish the Veteran and his representative with an SSOC, and should give the Veteran a reasonable opportunity to respond before returning the record to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
Thomas H. O'Shay
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs